JAMES P.C. SILVESTRI, ESQ.
Nevada Bar No. 3603
RHIANN S. JARVIS, ESQ.
Nevada Bar No. 13509
PYATT SILVESTRI
701 Bridger Avenue, Suite 600
Las Vegas, Nevada 89101
(702) 383-6000
(702) 477-0088 facsimile
jsilvestri@pyattsilvestri.com
rjarvis@pyattsilvestri.com
Attorneys for Defendant,
ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ANTHONY BUCCA, an individual;
LILIAN BUCCA, an individual

   Plaintiffs,

vs.

ALLSTATE INDEMINITY INSURACE, and
DOES I through XV, and ROE
CORPORATIONS I through X, inclusive,

   Defendants.

CASE NO.: 2:14-cv-01903-APG-PAL

## STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER

  WHEREAS, the parties recognize that documents/materials have been requested to be produced that ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY ("ALLSTATE") claims may be confidential or contain proprietary information, which should not be disclosed except in a highly restricted fashion;

  WHEREAS, the parties desire to litigate this Action without jeopardizing any business, commercial or proprietary interest in the confidentiality of ALLSTATE's information and/or materials and submit that good cause therefore exists for the entry of the following Protective

Order ("Order") which shall govern the use, handling and disclosure of all confidential documents, material, testimony and information produced or given in this Action which relates in any way to Plaintiff's Complaint and is designated to be subject to this Order;

It is hereby stipulated by and between Plaintiffs and Defendant as follows:

A) As used in this Order, the term **"confidential discovery material"** means documents and other information provided in the course of discovery of this action that are designated as **"Confidential"** or **"Trade Secret"** pursuant to the terms of this Order.

B) Any person subject to this Order who receives any confidential discovery material in the course of discovery in this action shall not disclose such confidential discovery material to anyone else except as expressly permitted by this Order. Further, any confidential discovery material will be used in the present action only, and may not be used, disclosed, relied upon or produced in any other litigation by any party or counsel hereto.

C) With respect to the confidential or trade secret portion of any documents or material, other than deposition transcripts and exhibits, the producing party may designate the portion as confidential discovery material by stamping or otherwise clearly marking the protected page, passage, or item as "Confidential" or "Trade Secret" in such a manner that will not interfere with legibility or audibility.

D) If a party disputes the confidential designation of any document, counsel for that party shall notify counsel for the designating party of such objection in writing, and the designating party shall file a Motion for Protective Order with respect to the challenged documents within 30 days of receipt of such written notice. If the designating party does not file such a motion within the 30-day period, the documents whose confidential designations are disputed shall be deemed not to be confidential by agreement of the parties. If a Motion for Protective Order is filed within the 30-day period, the disputed documents and information shall remain subject to the provisions of this Protective Order, pending a contrary ruling by the Court.

E) If a party determines that it is reasonably necessary in conjunction with the prosecution or defense of claims in this case to include confidential documents, or the information contained therein, or make references thereto in papers filed with this Court or in any presentation to or

Pyatt Silvestri
701 E. Bridger Avenue
Suite 600
Las Vegas, Nevada 89101
(702) 383-6000

**Modified by the court.**

before the Court, the documents, papers, and/or transcripts of proceedings shall be labeled as indicated in Paragraph "C" of this Protective Order and shall be filed under seal, ~~bearing the~~ in compliance with LR 10-5(b). ~~following legend clearly written on the face of the sealed envelope under the name and case number of this action~~:

**CONFIDENTIAL-SUBJECT TO COURT ORDER**

**The contents of this envelope are subject to a Protective Order entered by the Court in ANTHONY BUCCA AND LILIAN BUCCA vs. ALLSTATE INDEMNITY INSURANCE, UNITED STATES DISTRICT COURT CASE NO. 2:14-cv-01903-APG-PAL.  These materials shall be treated as confidential and must not be shown to any person except as authorized by an Order of the Court.**

F)  All documents of any nature, including briefs, which have been designated as "Confidential", or which contain, append, summarize, excerpt or refer to information which has been designated "Confidential", and which are filed with the Court, shall be filed with the Court under seal in accordance with ~~FRCP 26(c)(1)(G) and (H)~~ LR 10-5(b).  Where possible, only those "Confidential" portions of filings designated "Confidential" shall be filed under seal.  ~~To facilitate compliance with this Order by the Clerk's office, material filed under these designations shall be contained in a sealed envelope bearing the designation indicated in Paragraph "E" on its face, shall contain a concise, non-disclosing inventory of its contents for docketing purposes, and shall state thereon that it is filed under the terms of this Order.~~

**Modified by the court.**

G)  Confidential documents may be used in depositions, but shall remain subject to the Protective Order.  If a confidential document is read into the transcript, or if a party believes that the nature or content of a confidential document is being revealed in a deposition, the party may designate the pertinent portion of the transcript as confidential and subject to this Protective Order.  If the parties cannot agree on whether any portion of the designated transcript should be deemed confidential, the party claiming that the transcript should be confidential shall file a Motion for Protective Order asking that the disputed portions thereof be deemed confidential.  The disputed transcript shall remain subject to the provisions of this Protective Order, pending a contrary ruling by the Court.

H) Except as otherwise provided herein, all documents and the information contained therein that are designated as confidential may only be disclosed by parties and the parties' counsel of record in this case to attorneys, clerks, paralegals and secretaries in the regular employment of the parties' counsel, and to independent experts and consultants who are employed by a party and contemplated by Rule 26 (b) of the Federal Rules of Civil Procedure. Said confidential documents and information shall be used only for the purpose of litigating the claims in this action and in no event shall be used for any other purpose.

I) Prior to disclosing confidential documents, or the information contained therein to any experts or consultants pursuant to Paragraph "H" hereof, counsel for that party shall first give a copy of this Protective Order to such person(s), and receive from such person(s) an executed Confidentiality Agreement wherein such person acknowledges full acceptance of all terms contained herein. Said Confidentiality Agreement shall be provided to counsel for any other party within 30 days of such person's execution of the Confidentiality Agreement or upon formal expert disclosures, whichever is later.

J) Additional parties may be added to this action as allowed under the applicable Federal Rules of Civil Procedure. Before receiving confidential discovery material, a new party must agree to be bound by the terms of this Order as if the party had stipulated to it at the time of entry. No newly added party shall have access to confidential discovery material until the party is subject to the terms of this Order.

K) Each person who has access to confidential discovery material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of the material.

L) If at any time prior to the trial of this action a party realizes that previously un-designated documents or other material should be designated as confidential discovery material, the party may so designate by advising all other parties in writing. The designated documents or material will thereafter be treated as confidential discovery material pursuant to this Order.

M) Within 30 days of the final termination of this action, including any appeals, all documents designated as confidential, and all copies, abstracts or summaries thereof, including all copies provided to experts or consultants, shall be returned to counsel for the designating

party. The foregoing shall not preclude a party's counsel from retaining his or her own work product which shall be used only for internal purpose by that attorney or by clerks, paralegals and secretaries in the regular employment of the party's counsel, and shall not be shared or disclosed to anyone other than these individuals.

N)  The terms of this Protective Order shall survive the final termination of this action, shall continue to bind the parties and their counsel, and the Court shall retain jurisdiction to enforce this Protective Order.

O)  Any party may seek to have the Court modify or terminate this Protective Order at any time such party deems appropriate.

Dated this 13th day of March, 2015.

PYATT SILVESTRI                              HITZKE & ASSOCIATES


/s/ Rhiann S. Jarvis                         /s/ Erick Ferran
JAMES P.C. SILVESTRI, ESQ.                   ERICK FERRAN, ESQ.
Nevada Bar No. 3603                          Nevada Bar No. 9554
RHIANN S. JARVIS, ESQ.                       2030 E. Flamingo Road, Suite 115
Nevada Bar No. 13509                         Las Vegas, Nevada 89119
701 Bridger Avenue, Suite 600                Attorney for Plaintiff
Las Vegas, Nevada 89101
Attorneys for Defendant


**PROTECTIVE ORDER**

**IT IS SO ORDERED** as modified by the court.

DATED this 16th day of March, 2015.

Peggy A. Leen
United States Magistrate Judge