UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY BUCCA, LILIAN BUCCA,<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INDEMNITY INSURANCE, and DOES I through XV, and ROE CORPORATIONS I through X, inclusive,<br><br>Defendants. | Case No. 2:14-cv-01903-APG-PAL<br><br>**ORDER**<br><br>(Dkt. #40) |

Defendant Allstate Indemnity Insurance filed its motion to dismiss (Dkt. #40) under seal. In doing so, Allstate cited to the court's March 17, 2015 order allowing filing under seal. (Dkt. #23.) However, that order does not permit the wholesale sealing of entire documents, especially the 825 pages of the motion and exhibits. Specifically, the order provides that, "[w]here possible, only those 'Confidential' portions of filings designated 'Confidential' shall be filed under seal." (*Id.* at 3:14-15.) Moreover, Magistrate Judge Leen's related order regarding confidentiality states "that the parties shall comply with LR 10-5(b) and the Ninth Circuit's opinion in *Kamakana* [*v. City and County of Honolulu*], 447 F.3d 1172 (9th Cir. 2006), with respect to filing documents under seal." (Dkt #24 at 2:13-15.) Allstate has violated those orders by filing its entire motion and all exhibits under seal.

Generally, the public has a right to inspect and copy judicial records. *Kamakana*, 447 F.3d at 1178. Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record bears the burden of overcoming this strong presumption. *Id.* In the case of dispositive motions, the party seeking to seal the record must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. *Id.* at 1178-79. Among the compelling reasons which may justify sealing a record are when such

court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1179 (quotation omitted). However, avoiding a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records. *Id.*

Allstate has sealed the entire filing even though there appears to be comparatively very little, if any, confidential information contained in the motion and attached exhibits. Under *Kamakana*, Allstate must show compelling reasons to overcome the presumption that this filing should be publicly accessible. The mere fact that one party designated information as confidential under a protective order does not satisfy this standard. Only those portions of the motion that contain specific reference to confidential documents or information, and the exhibits that contain such confidential information, may be filed under seal. The remainder of the motion, and other exhibits that do not contain confidential information, must be filed as publicly-accessible documents.

I will allow the filing to remain sealed temporarily so the parties may confer about what, if any, portions of the motion and its exhibits should be sealed. If any party determines that a portion of the filing should remain sealed, that party must file a motion to seal along with a proposed redacted version of the filing within 14 days of the date of this order. Any motion to seal must set forth compelling reasons to support sealing those portions.

IT IS THEREFORE ORDERED that Allstate's motion **(Dkt. #40) shall remain sealed pending further order of the court.**

IT IS FURTHER ORDERED that the parties shall confer about what, if any, portions of the motion and its exhibits should be sealed. If any party determines that a portion of the filing should remain sealed, that party must file a motion to seal along with a proposed redacted version of the filing. Any motion to seal must set forth compelling reasons to support sealing those portions.

IT IS FURTHER ORDERED that if a motion to seal is not filed within 14 days of the date of this order, Allstate's motion will be unsealed.

DATED this 27th day of August, 2015.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE